

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 11, 1947

Hon. Weldon B. Davis
County Attorney
Austin County
Bellville, Texas

Opinion No. V-243

Re: Authority of County
Commissioner to spend
special fund in road
district.

Dear Mr. Davis:

Your request for an opinion of this Department is substantially as follows:

"Road District #7, in Commissioner's Precinct #3, in Austin County has a special road tax of 15 cents. The tax payers of said road district maintain that they have the right to say how and for what purpose this special fund should be spent. Said tax payers do not want the County Commissioner of Precinct #3 to spend such fund in said road district as he sees fit.

"Question: Does the County Commissioner of Precinct #3, in which said road district #7 is situated, have jurisdiction over this special fund and have the right to spend said money for the purpose of paying his employees in said district, and for paying for materials such as gasoline, oil, lumber for building bridges, and in general to use such money for all general purposes as long as he spends the money in road district #7 in said precinct #3?"

Supplementing this, you add:

"The Commissioners' Court of Austin County, Texas, by an order dated Feb. 12, 1918, at a regular session of said court, ordered an election to be held in Justice Prec. #4, in Austin County, for the purpose of determining whether or not a 15¢ special road tax should be levied and collected

yearly. This Justice Prec. #4 was established or designated in said court order as road district #7. The election was held on Feb. 26th, 1918, and a vast majority of the voters voted in favor of the special road tax. By an order of the Commissioners' Court dated March 30, 1918, the Commissioners' Court authorized the levy and collection of a 15¢ special road tax in said district #7. Neither of the above orders state for what specific purpose the tax was levied. Nor does either order state by what authority the tax could be levied and collected, other than that the last above mentioned order states that the 'tax shall be levied and collected as provided by the act of the 33rd legislature of the State of Texas.' Art. 6790 of the revised civil statutes of Texas authorizes the levying and collecting of said special road tax. That statute ties in with an amendment of 1889 to the constitution of the State of Texas, adopted in 1890. I presume that this tax was levied and collected, and all of the acts of the Commissioners' Court, were done by virtue of the provisions of Art. 6790, above referred to. No bonds were ever voted."

Article 6790, V.C.S., provides, as follows:

"The commissioners court shall order an election upon presentation to it at any regular session of a petition signed by two hundred qualified voters and property tax payers of the county, or a petition of fifty persons so qualified in any political subdivision or defined district of the county, requesting said court to order an election to determine whether said court shall levy upon the property within said territory a road tax not to exceed fifteen cents on the one hundred dollars worth of property, under the provisions of the amendment of 1889 to the Constitution of the State of Texas, adopted in 1890. Said court may act on such petition without notice, and may make an

order for such election, fixing the amount
to be levied, not to exceed fifteen cents
on the one hundred dollars, the election to
take place at any time thereafter, not less
than twenty nor more than ninety days from
the date of making the order therefor. Up-
on a petition signed by a majority of the
qualified tax paying voters of any portion
of any county or of any political subdivision
of any county, to said court requesting that
such portion of said county or political sub-
division shall be created as a defined dis-
trict, the said court shall declare such
territory a defined district and spread the
order for same upon the minutes of said
court; provided the petition aforesaid shall
define by metes and bounds the territory de-
sired to be so incorporated in such defined
district."

In the case of Commissioners' Court of Navarro
County v. Pinkston, 295 S.W. 271 (writ of error denied)
the Court, construing Section 9 of Article VIII of the
Constitution and Article 6790 of the Revised Statutes,
said:

"By the above the Legislature is only
empowered to authorize an additional ad val-
orem tax to be levied for the purpose of
maintaining public roads by a majority vote
of the qualified property tax paying voters
of the county for the purpose of maintain-
ing the roads of the county, and not of any
subdivision thereof. The measure authorized
was one for the benefit of the entire county,
and to be voted on by the property tax pay-
ing voters of the entire county, at an elec-
tion to be held for that purpose. The lan-
guage clearly excludes the levying of the
tax therein provided for by any other vote
than that of the entire county and not for
local but for county-wide purposes, and pro-
hibits such tax so authorized from exceeding
15 Cents on the $100 valuation of the pro-
perty subject to taxation in the county. By
said quoted language of article 6790, it is
clear that it was the intention of the Leg-
islature to confer on any political subdivi-
sion or defined district of a county the

right by a majority vote of the qualified voters and property tax payers thereof to levy a road tax not to exceed 15 cents on the $100 worth of property subject to taxation in said political subdivision or defined district. Said article is not a local law for the maintenance of public roads and highways, but a general statute. Therefore the above quoted provision of said article is in contravention of the plain terms of article 8, section 9, of our state Constitution. It is true, the Legislature is authorized by the provisions of said article 8, section 9, to pass local laws for the maintenance of public roads and highways, but no such local law was passed for the benefit of said road district No. 1."

The orders of the Commissioners' Court do not state the authority by which the tax was levied other than an Act of the 33rd Legislature of the State of Texas, which is the same as Article 6790, V.C.S., supra.

Our search has failed to reveal that a local law as mentioned in the case of Commissioners' Court of Navarro County, et al, v. Pinkston, et al, supra, was ever passed by the Legislature for the benefit of Road District No. 7 of Austin County.

Therefore, it will be seen from the foregoing that the election held in road district No. 7 of your county pursuant to Article 6790 was in direct contravention of the provisions of Article VIII, Section 9, of our State Constitution and, therefore, invalid. Since the election was void, it is the opinion of this Department that the Commissioner of Precinct No. 3 in which road district No. 7 is situated may not use the special fund for the purpose of paying his employees and for paying for materials generally.

## SUMMARY

The election held in road district No. 7 of Austin County for the purpose of levying and collecting a 15¢ special road tax in road district #7 was in direct contravention of Art. VIII, Sec. 9, of the Constitution of the State of Texas and therefore void. (Commis-

sioners' Court of Navarro County, et al,
v. Pinkston, et al, 295 S.W. 271) There-
fore, the special fund may not be used
by the commissioner of Precinct No. 3,
in which Precinct road district No. 7 is
situated, for the purpose of paying em-
ployees etc., within said district.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By _____
Burnell Waldrep
Assistant

BW:djm

APPROVED:

ATTORNEY GENERAL